[No. 8068.   Department One.   July 26, 1909.]

J. H. DAY *et al., Respondents,* v. WILLIAM H. RICHARDSON, *Appellant.*[1]

CONSTITUTIONAL LAW—CLASS LEGISLATION—PUBLIC LANDS—SALES —PURPOSES. An act authorizing the sale of certain school lands for cemetery purposes, is not unconstitutional as granting special privileges to any citizen or class of citizens, in violation of Const., art 1, § 12.

Appeal from a judgment of the superior court for Columbia county, Miller, J., entered June 30, 1908, upon findings in favor of the plaintiffs, upon the pleadings and stipulated facts, in an action of ejectment.   Affirmed.

*William H. Richardson, pro se.*

*Troy & Sturdevant,* for respondents.

MORRIS, J.—The legislature, in the year 1901, passed an act, being Laws 1901, chap. 150, authorizing the board of appraisers and the commissioner of public lands to sell certain lands in Columbia county for cemetery purposes, at not less than $10 an acre. The respondent Day purchased said lands for said purposes under said authorization, on March 20, 1902, and subsequently conveyed a three-fourths interest in them to the other respondents. On March 20, 1905, the state of Washington sold lands in Columbia county to appellant, the description of which included the land sold to Day. On November 25, 1907, while respondents were in possession of the lands for cemetery purposes, the appellant, claiming title under his deeds, entered upon the lands, tore down a fence erected by respondents, and ousted them therefrom. Thereupon respondents brought this action to recover their possession, with damages for the act of appellant in destroying the fence. Issue being joined, the cause was submitted upon the pleadings and stipulated facts, resulting in a decree

[1]Reported in 103 Pac. 8.

in favor of respondents, awarding them the possession of the land, with damages amounting to $40.25.

The only error suggested by appellant is one based upon his contention that the act of 1901, under which the land was sold to Day, is unconstitutional. No section of the constitution is cited which renders the act invalid, and we have been unable to find any. Appellant suggests it was class legislation, because the lands when purchased could be put to only one use. This was not an act granting to any citizen or class of citizens any special privilege, and hence not in violation of the constitution, art 1, § 12. Any person was privileged to buy, who was willing to pay the price, and the price fixed complied in all respects with the law then existing fixing the price at which school lands might be sold.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.